UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Douglas L. Edge,** **Civil No. 01-1296 (RHK/SRN)**

**Plaintiff,**

v.

**ORDER**

**City of St. Paul and Department of Fire and Safety Services,**

**Defendants.**

---

Donald S. Arbour, Esq., on behalf of Plaintiff.

James F. Jerskey, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on July 9, 2002, on Plaintiff's Motion to Compel Discovery (Doc. No. 8 ).

This Order addresses that motion.

**I. RELEVANCE STANDARD.**

Federal Rule of Civil Procedure 26(b)(1) provides:

> In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . The information sought need not be admissible at the trial if the information appears reasonably calculated to lead to the discovery of admissible evidence.

The Eighth Circuit has considered the breadth of Rule 26 and the possible abuses discovery

FILED JUL 0 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

requests which can result from it.

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692 (D. Minn. 1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122 (S.D. N.Y. 1986), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer v. Mack Trucks, Inc., 981 F.2d 377 (8th Cir. 1992).

## II. THE COURT'S ORDER.

The Court grants Plaintiff's motion. The information Plaintiff seeks is relevant to the third element of any prima facie case of employment discrimination. Specifically, whether he suffered adverse employment action under circumstances giving rise to an inference of discrimination. See e.g. Spades v. City of Walnut Ridge, 186 F.3d 897, 899 (8th Cir. 1999). The Court recognizes, however, that the information sought implicates significant privacy concerns. Therefore, the Court places the following conditions on production. Document Requests Numbered 5, 6, and 7 are limited in time to the previous four years, rather than the five years originally requested. In addition, all reports are to be redacted of any identifying information, such as the individuals' names and social security numbers. And finally, production must be made pursuant to a protective order limiting the use of all these materials to the present case, and requiring that they all be returned to Defendant at the completion of the present case.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's Motion to Compel Discovery (Doc. No. 8 ) is **GRANTED** consistent with this Order.

Dated: July 9, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge