**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Douglas L. Edge,

Plaintiff,

v.

City of Saint Paul,

Defendant.

Civil No. 01-1296 (RHK/SRN)
**MEMORANDUM OPINION AND ORDER**

---

Donald S. Arbor and Judith K. Schermer, Schermer Law Office, Minneapolis, Minnesota, for Plaintiff.

James F.X. Jerskey, Office of the Saint Paul City Attorney, Saint Paul, Minnesota, for Defendant.

---

## Introduction

Plaintiff Douglas Edge has sued Defendant City of Saint Paul ("the City") under the Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA") alleging the City discriminated against him by withdrawing its conditional offer of employment as a firefighter based on a psychologist's assessment that Edge suffered from depression. Currently before the Court are two pretrial motions by the City. First, the City has moved to exclude evidence that the City's psychologist did not submit to the City or its officers on the grounds that the psychologist is an independent



FILED NOV 0 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

contractor. Second, the City has objected to testimony by Edge's expert based on an untimely supplemental expert report. For the reasons set down below, the Court will deny the motions.

## Analysis

### I. Dr. Fischler's Recommendation

The City argues that Edge should be precluded from using evidence to impute the opinion of Dr. Fischler, the psychologist upon whose recommendation the City withdrew Edge's job offer, to the City of Saint Paul because Dr. Fischler was not an employee of the City. Edge argues, in contrast, that the City's rationale would open a gaping hole in the protections of the ADA and MHRA because it would allow employers who rely upon the recommendations of independent contractors to escape liability under these statutes. Because the Court concludes that an employer may not evade the requirements of the ADA by hiring-out its personnel functions, the City's motion will be denied.

This dispute is motivated in no small part by confusion over a section of this Court's opinion denying the City's motion for summary judgment. In finding a factual question as to whether the City perceived Edge as disabled with regard to a class of jobs, the Court noted:

> Where a hiring decision is based largely or entirely on a recommendation or evaluation made by an employee who perceived the applicant as disabled, that opinion is imputed to the employer in an "as regarded" action. Olson v. Electric Astrospace AKA Martian-Marietta Astrospace, 101 F.3d 947, 955 (3rd Cir. 1996).

> The record here indicates that Dr. Fischler forwarded his report to Assistant Chief Anthony Carter, who in turn provided input on the decision to revoke Edge's conditional offer, a decision that was expressly based on Dr. Fischler's analysis and recommendation. Thus, Edge has adduced sufficient facts for a jury to infer that the City believed that his depression rendered him as unable to perform the class of public safety jobs . . ..

Edge v. City of Saint Paul, et al., No. Civ. 01-1296, slip op. at 11 (D. Minn. Oct. 7, 2002) (Kyle, J.). The Court acknowledges that there is some room for interpretation in this paragraph. Read in isolation, the first sentence might imply a sort of automatic legal liability for employers; *in toto*, however, the paragraph makes clear that the City's liability in this context is indeed a fact question. If Dr. Fischler perceived Edge as disabled, and the City made its hiring decision based on Dr. Fischler's recommendation, then whether the City regarded Edge as disabled is a question for the jury.

It makes no difference in this context whether Dr. Fischler was an employee or independent contractor; employers cannot escape their legal obligations simply by contracting out hiring and personnel functions to third parties. The ADA expressly prohibits employers from "participating in a contractual or other arrangement that has the effect of subjecting a covered entity's qualified applicant or employee to . . . discrimination." 42 U.S.C. § 12112(b)(2). See also Holiday v. City of Chattanooga, 206 F.3d 637, 645 (6th Cir. 2000) (holding employer did not have the right to rely upon outside physician's "unsubstantiated and cursory" medical opinion); Piquard v. City of East Peoria, 877 F. Supp. 1106, 1124 (C.D. Ill. 1995) (noting "[s]ection 12112(b)(2) was

. . . intended to prohibit an entity from doing through a contractual relationship what it may not do directly"). The ADA's prohibitions against employment discrimination expressly extend to employment offers conditional upon the results of a psychological exam.[1] See 42 U.S.C. § 12112(d)(3) (outlining conditions under which a covered employer may condition an offer of employment upon the results of a medical exam). Indeed, as the regulations promulgated under the ADA indicate, "the results of such [psychological] examination shall not be used for any purpose inconsistent with [the ADA]." 29 C.F.R. 163.14(b)(2).

To the extent the City relied upon Dr. Fischler's recommendations in making employment-related decisions, the City must ensure that his methods and procedures comply with the statutory framework. Cf. Bay v. Cassens Transport Co., 212 F.3d 969, 975 (7th Cir. 2000); Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 193 n.7 (3rd Cir. 1999). While the extent of the City's reliance on Dr. Fischler's opinion is a fact question, Edge is entitled to introduce evidence bearing upon how Dr. Fischler regarded Edge and

---

[1] Psychological exams are considered medical exams for the purposes of the ADA. See Equal Employment Opportunity Commission Enforcement Guidance Under the Americans With Disabilities Act of 1990 n. 47 (EEOC Notice 915.002) (May 19, 1994), citing H.R. Rep. No. 485 (Pt. 3), 101st Cong., 2d Sess. 46 (1990) (defining "medical examinations" as "procedures or tests that seek information about the existence, nature, or severity of an individual's physical or mental impairment, or that seek information regarding an individual's physical or *psychological* health") (emphasis added).

the extent to which the City relied on and was aware of Dr. Fischler's perception. Accordingly, the motion will be denied.

## II. The Amended Expert Report

The City has also moved to exclude testimony based on the amended report of Edge's expert.[2] Parties are under a duty to supplement and disclose their expert disclosures under Fed. R. Civ. P. 26(e)(1); any additions or changes to previous disclosures must be disclosed by the time pretrial submissions are due. In Edge's pretrial submissions, he indicated that his expert report had been amended but failed to disclose that report by the appropriate deadline. The report was disclosed along with Edge's memorandum responding to this objection.

The City's motion raises two questions. The first is whether Edge's amended expert report can fairly be characterized as supplemental. Supplemental opinions are required under Rule 26(e)(1):

> A party is under a duty to supplement at appropriate intervals its disclosures . . . if *the party learns that in some material respect the information disclosed is incomplete or incorrect* and if the additional corrective information has not otherwise been made known to the parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of an expert, and any

[2] The proper manner for a party to object to a supplemental disclosure is through a Rule 37 motion. Although the City styles its motion as a generalized objection, the Court will construe the motion under Rule 37.

> additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(1) (emphasis added). Supplementation cannot be used to correct a major omission in the initial report but can be used to correct an inaccurate or incomplete initial report. See Moore's Federal Practice § 26.131[2] (3rd ed. 2002). Here, Edge argues that he learned his expert report was incomplete through the Court's previous opinion denying the City's Motion for Summary Judgment and that his amended report merely adjusts existing data in response to the Court's concerns. Because the amended report addresses a minor gap in the prior version, the Court concludes that the amended report is supplemental within the meaning of Rule 26(e)(1).

The second question raised by Edge's late disclosure of the supplemental expert report is whether its admission would be prejudicial to the City. Under Rule 37(c)(1), "A party that without substantial justification fails to disclose information required by Rule . . . 26(e)(1) . . . is not, unless such failure is harmless, permitted to use [that] evidence at . . . trial." Edge has not presented the Court with a substantial justification for his failure to disclose the amended report in a timely fashion; thus, the report is only admissible if the City would not be prejudiced.

After examining the amended report and comparing it to the original, the Court concludes that the substance of the amended report is not substantially different from its predecessor. While the City did not have the amended report in hand when it moved to

have the evidence excluded, a review of these materials indicates that testimony based on this report would not result in surprise or confusion. The City presently has a copy of the amended report and will have a full opportunity to cross-examine Edge's expert. Accordingly, the motion will be denied.

**Conclusion**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that Defendant City of Saint Paul's Motion in Limine and Objection to Plaintiff's Pretrial Disclosures are denied.

Dated: November 4, 2002

RICHARD H. KYLE
United States District Judge